GULF, C. & S. F. RY. CO. v. CASON.

(Court of Civil Appeals of Texas. Texarkana. Jan. 2, 1913. Rehearing Denied Feb. 13, 1913.)

CARRIERS (§ 215*)—LIVE STOCK—DAMAGES.

Where the loss of weight of cattle in shipment was only temporary, due to driving and penning the cattle for transportation, and was not shown to be due to any negligence of the company in failing to ship the cattle in time, the shipper could not recover from the carrier for such loss of weight.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. § 923; Dec. Dig. § 215.*]

Appeal from Cooke County Court; C. R. Pearman, Judge.

Action by J. S. Cason against the Gulf, Colorado & Santa Fé Railway Company. From a judgment for plaintiff, defendant appeals. Reversed, and judgment rendered for appellant.

Terry, Cavin & Mills and A. H. Culwell, all of Galveston, and Garnett & Garnett, of Gainesville, for appellant. Stuart, Bell & Moore, of Gainesville, for appellee.

HODGES, J. This is an action to recover judgment for damages to live stock which originated in the justice court of Cooke county. In June, 1910, the appellee was the owner of 31 head of beef cattle which he desired to ship to Ft. Worth for the market. On the 15th of that month he and W. E. Daniel, who owned the same number and kind of cattle, went to the appellant's agent at Gainesville to arrange for cars and date of shipment. The two wanted two cars, and were notified by the agent that these could be furnished and the stock shipped on the evening of the following day. Both the appellee and Daniel put their stock, consisting of 62 head, in the pens of the railway company at Gainesville about 11 o'clock on the next day, and in a few hours thereafter notified the agent. Appellee was then given a bill of lading, which appears to be an ordinary live stock shipping contract, in which the appellant agreed to transport the 31 head of cattle from Gainesville to the Runnels Live Stock Commission Company at North Ft. Worth. It was not stipulated in this contract that the cattle should be transport-

ed on any certain train, leave Gainesville at any certain hour, or reach Ft. Worth at any certain time; nor is there any evidence that any verbal contract to that effect was made with the agent. There was only one car in the railway yards at that time that was available for use. Another was to be brought in later. The regular freight train which appellee expected to carry his cattle was due at Gainesville between 5 and 6 o'clock that evening, but on this occasion it was late, and did not arrive till about 9 o'clock. It left at 9:30, and without taking the cattle. The reason assigned is that they were not loaded. Appellee admits that there was early in the evening one car at the disposal of him or Daniel, but said that they both desired to ship at the same time, presumably in the same train, and neither wished to load till two cars were furnished. After the regular train departed they were told by appellant's agent that another train would leave Gainesville bound for Ft. Worth at 3 a. m. the same night, and this train would deliver their cattle in Ft. Worth by 6 or 6:30 a. m. Appellee and Daniel, without giving any notice to the appellant's agents, took their cattle out of the pens about 10 o'clock that night, and drove them back to their pasture, a distance of five or six miles. Appellee sued for the loss of weight, which he alleges his cattle sustained upon that occasion by being driven to and from the pens and remaining in the pens the length of time they did. He recovered a judgment in the justice court for $76. This was reduced to $40 on appeal to the county court. It is here claimed that the court erred in refusing to grant a new trial because the evidence was insufficient to support a judgment for any amount.

The only evidence of damage offered by the appellee was the loss in weight which he claims his cattle sustained. The evidence fails to show a breach of contract to ship the cattle, or any actionable negligence. The loss in weight, if it might be deemed a proper measure of damages in a suit like this, was manifestly only a temporary condition incident to driving and penning the cattle for transportation. There is nothing to indicate that this loss was any greater than it would have been had the cattle been shipped at 9 p. m. They probably lost no more in weight during the time they were standing in the pens at Gainesville than they would have lost had they been in the car or in the pens at Ft. Worth. Under the undisputed evidence the failure in this instance to ship the cattle and have them in Ft. Worth the next morning was due solely to the conduct of the appellee himself. There was no agreement to ship them on any particular train, or at any particular time, or for any particular market.

We think the judgment is wholly unsupported by the evidence, and that the court should have entered one for the defendant. The judgment is therefore reversed, and judgment here rendered for the appellant.