## GULF, C. & S. F. RY. CO. v. DANIEL.

(Court of Civil Appeals of Texas. Texarkana. Jan. 2, 1913. Rehearing Denied Feb. 13, 1913.)

Appeal from Cooke County Court; C. R. Pearman, Judge.

Action by W. E. Daniel against the Gulf, Colorado & Santa Fé Railway Company. From a judgment for plaintiff, defendant appeals. Reversed, and judgment rendered for defendant.

Terry, Cavin & Mills and A. H. Culwell, all of Galveston, and Garnett & Garnett, of Gainesville, for appellant. Stuart, Bell & Moore, of Gainesville, for appellee.

LEVY, J. As the pleading and evidence in this case are the same as in the companion case of Gulf, Colorado & Sante Fé Railway Company v. J. S. Cason, 154 S. W. 367, decided by this court, it follows that the ruling in the instant case must be the same as in that case.

The judgment is therefore reversed and here rendered for the appellant, with all costs.

---

## MOUNT FRANKLIN LIME & STONE CO. et al. v. MAY.

(Court of Civil Appeals of Texas. El Paso. March 7, 1913.)

Additional findings of fact.

For former opinion, see 150 S. W. 756.

HIGGINS, J. Supplementing the facts stated in the original opinion herein, we find additional facts as follows:

Appellee is the owner of lots 24 and 25, in block 2, of the Golden Hill addition to the city of El Paso, upon which she has a seven-room brick house. The Mount Franklin Lime & Stone Company and Richard Caples owned a rock quarry situated in the vicinity of appellee's premises, and subsequent to June, 1909, blasted rock from said quarry, using explosives of some kind in so doing. That such blasting was conducted in a negligent manner, and by reason thereof, and as a proximate result thereof, plaintiff's house was cracked, the walls bulged, the plaster upon the walls and ceiling broken and cracked and caused to fall in the manner alleged by appellee, whereby she sustained damage in the sum of $1,500. That Richard Caples died prior to the trial, and defendant Margaret Ann Caples is his surviving widow and the independent executrix of his estate.

HARPER, C. J., did not participate in the finding of these additional facts.